UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CITRO-REY S. DE R.L. DE C.V., § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 7:07-154 |
| § | |
| L&M COMPANIES, INC., § | |
| *Defendant.* § | |

### ORDER DENYING MOTION TO COMPEL

Pending before the Court is Defendant L&M Companies, Inc. Motion to Compel Discovery Responses, filed on February 23, 2009. [Dkt. No. 48].[1] On April 8, 2009, Plaintiff Citro-Rey S. de R.L. de C.V. filed an untimely Response. [Dkt. No. 53]. The Court **DENIES** Defendant's Motion to Compel Discovery Responses.

### I.   BACKGROUND

This cause of action concerns alleged violations of the Perishable Agricultural Commodities Act (PACA), the Deceptive Trade Practices Act, common law fraud, negligent misrepresentation, negligent hiring, and breach of contract in the export of citrus fruits from Mexico. [Dkt. No. 10, 12]. On September 7, 2007, the Court issued a Scheduling Order that set discovery and motion deadlines for the completion of discovery and the filing of motions. [Dkt. No. 9]. The Court later extended these deadlines to February 13, 2009 to complete discovery and February 23, 2009 to file "[a]ll other motions." [Dkt. No. 47].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

On February 23, 2009, Defendant filed its Motion to Compel Discovery Responses. [Dkt. No. 48]. In this Motion, Defendant asks the Court to compel Plaintiff to fully respond to its:

(1) First Set of interrogatories, requests for production, and requests for admissions served on October 15, 2007;[2]
(2) Second Set of interrogatories and requests for production served on July 31, 2007(sic).[3]

[*Id.* at ¶¶ 1-32]. Plaintiff responded to Defendant's first discovery request on December 7, 2007 but amended its answers to certain production requests on January 29, 2008 and Feb. 15, 2008. [*Id.* at ¶¶ 2, 20, 23 & Exs. A, B, C, D]. Plaintiff then responded to the second discovery request on October 15, 2008. [*Id.* at ¶ 26, Ex. E].

In its Motion, Defendant also complains that during discovery Plaintiff produced three sets of documents. Defendant received the second set of documents (Bates Stamps 1-254) on February 15, 2008. [*Id.* at ¶ 20]. Defendant, however, does not provide the exact dates it received the first or third sets (Bates Stamps 1-138 & 1-261).[4] Defendant does not give a date when it was provided the first set of documents but it appears to be in early 2008. According to Defendant, the third set of documents contains some of the same documents as the first two sets. Because of this duplication, Defendant contends "Plaintiff should be ordered to eliminate duplicate bates stamped numbers and eliminate documents which are the same documents with two different bates stamped numbers and should be ordered to identify which documents are responsive to which discovery requests." [Dkt. No. 48 at ¶ 32]. Finally,

---

[2] Defendant complains of Plaintiff's responses to request for production numbers 1, 2, 3, 4, 5, 8, 10, 11, 12, and 13-21 as well as Plaintiff's response to its interrogatories and requests for admissions generally. [*Id.* at ¶¶ 3-24].
[3] Specifically, Defendant wants Plaintiff to answer interrogatory numbers 3 and 6 and request for production numbers 1 and 2. [*Id.* at ¶ 28-31].
[4] It appears that Plaintiff gave Defendant the first set in early 2008. [*See id.* at ¶ 15].

Defendant requests that the Court impose discovery sanctions against Plaintiff. [*Id.* at ¶ 34-35].

## II.  DISCUSSION

Federal Rule of Civil Procedure 37 governs motions to compel discovery or disclosure. Fed. R. Civ. P. 37. It permits a party to file a motion when a party fails to respond to a request for production, fails to answer an interrogatory, or provides incomplete or evasive answers in response to a discovery request. *Id.* While Rule 37 does not provide a deadline for filing a motion to compel, Rule 16(e) permits the Court to issue a scheduling order that sets deadlines in a case. FED. R. CIV. P. 16(e). Here, in a Rule 16(e) Scheduling Order the Court established a date for the completion of discovery of November 20, 2007 which the Court later extended to February 13, 2009. [Dkt. No. 9, 47].

Defendant's Motion to Compel does not comply with the Court's deadline. It was made on February 23, 2009—the date by which all contested motions were to be filed. In order to have timely obtained the discovery that he seeks, Defendant should have filed his motion to compel sufficiently in advance of the discovery deadline, not the motions deadline. *Material Supply Int'l Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 992 (D.C. Cir. 1998); *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, Civ. No. H-07-155, 2009 WL 197739 (S.D.Tex. Jan. 27, 2009) (noting that most courts look to the discovery deadline and not motion filing deadline to determine if a motion to compel has been timely filed); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397-98 (N.D.Tex. 2006). A sufficiently advanced filing would have permitted the Court to hear the motion, and then if

granted the non-movant to produce the compelled discovery prior to the deadline. Defendant's motion to compel here was late. *Days Inn Worldwide*, 237 F.R.D. at 397.

To determine whether to consider a motion filed after the discovery deadline, courts have also looked at a number of secondary factors. These factors include: (1) the length of time from the discovery deadline to when the motion to compel was filed; (2) the amount of time the moving party knew about the discovery problems; (3) whether the Court extended the discovery deadline; (4) the explanation for why the motion is tardy; (5) whether the parties have filed dispositive motions; (6) how old the case is; (7) prejudice that may result to the party from whom the late discovery is sought; (8) disruption of the Court's schedule. *Days Inn Worldwide*, 237 F.R.D. at 398 (compiling these eight factors).

While Defendant filed the instant motion only ten days after the completion of the discovery deadline, most of the other factors weigh in favor of the Court not considering the motion. The Court extended the discovery deadline on six separate occasions giving Defendant ample opportunity to file its motion to compel before the final discovery deadline. [Dkt. No. 15, 18, 21, 24, 45, 47]. Second, Defendant should have known of the problems with Plaintiff's responses well in advance of the discovery deadline. Defendant received Plaintiff's amended responses to its first discovery request on January 29, 2008, and February 15, 2008[5] more than a year before the discovery deadline. [Dkt. No. 48, at ¶¶ 20, 23, Exs. A-D]. Defendant received Plaintiff's responses to its second discovery request on October 15, 2008, four months before the discovery deadline. [*Id.* at ¶ 26, Ex. E]. Defendant does not state when it received the third set of documents to which it objects as repetitive and unresponsive. [*See id.* at ¶ 32]. Defendant's delay in raising its concerns with the Court over

---

[5] Defendant received the original responses on December 7, 2007 but Plaintiff amended its responses on January 29, 2008 and then on Feb. 15, 2008. [Dkt. No. 48 at ¶¶ 20, 23]

Plaintiff's responses is unacceptable. Some courts have gone so far as to find that a party has waived its objection to a party's discovery when it has failed to enforce its discovery rights in a timely manner. *See e.g., Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Public Loan Co. v. FDIC*, 803 F.2d 82, 87 (3d Cir. 1986) ("[D]istrict court was [ ] well within its discretion in limiting appellants' untimely discovery requests"); 2 FEDERAL CIVIL PROCEDURE BEFORE TRIAL: FIFTH CIR. ED. at 11: 2353 (Rutter 2008). Third, Defendant has provided no explanation for why its motion to compel was filed after the discovery deadline. Fourth, this case is almost two years old. Indeed, it is the oldest civil case on this Court's docket. The parties have filed the joint pretrial order and the Court is ready to proceed to trial. [Dkt. No. 50]. Granting more time for discovery will disrupt the Court's schedule. After considering all of these factors, the Court concludes that permitting Defendant to proceed with his untimely motion is unjustified.

Moreover, this case is very similar to the Fifth Circuit's unpublished decision in *Grey v. Dallas Indep. Sch. Dist.*, 265 Fed.Appx. 342 (5th Cir. 2008). In *Grey*, the Fifth Circuit found that the district court did not abuse its discretion in denying a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period." *Id.* at 348 (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992)); *see also Material Supply Int'l Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 992 (D.C. Cir. 1998) (upholding district court's denial of motion to compel as untimely when it was filed after close of discovery but before motions deadline); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397-98 (N.D.Tex. 2006) (determining motion to compel untimely when filed two weeks after discovery deadline, even though filed on day of motions deadline); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding

no abuse of discretion where party "waited more than one month after the second extended deadline had elapsed to properly request an order from the district court"). Here, Defendant's motion was not filed on the last day of discovery but ten days after discovery. Defendant also had over a year and a half to conduct discovery. Defendant's Motion to Compel was untimely.

## III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Compel Production is untimely, and the motion, therefore, is **DENIED**.

IT IS SO ORDERED.

DONE this 5th day of May 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.